IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                                       Civ. No. 06-1113 RB/RLP
                                                                      Cr.  No. 05-962 RB

LUIS RAUL ESPINOZA-TORRES, SR.,

    Defendant/Movant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

    1.    This is a Motion to Vacate, Set Aside or Correct Sentence, brought pursuant to 28 U.S.C. § 2255.  Defendant is currently serving a 12 month and one day sentence after pleading guilty to one count of misprision of a felony.  He seeks relief based on ineffective assistance of counsel.  He argues that counsel (1) failed to object to the indictment which denied Defendant of a fair trial; (2) failed to advised Defendant he had a right to a jury trial; and (3) failed to obtain a presentence report to assist the court in sentencing.

    2.    On January 12, 2006 Defendant entered into a Plea Agreement [Cr. Doc. 54] (the "Agreement"), which provided, *inter alia*, that Defendant was satisfied with his attorney's legal representation; that he understood he was giving up his right to a jury trial and that he nonetheless elected to plead guilty to an information charging a violation of

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1) , file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation.  If no objections are filed, no appellate review will be allowed.

18 U.S.C. § 4 (misprision of a felony); that he was waiving his appellate and collateral review rights (except for ineffective assistance of counsel); and that the maximum sentence he could receive was three years pursuant to 18 U.S.C. § 4. Defendant signed the Agreement and acknowledged he read and understood the terms thereof.

3.  At the plea and sentencing hearing, also held on January 12, 2006, Defendant acknowledged to the court that he was waiving the right to have the indictment presented to the grand jury. Transcript at 4. He acknowledged he had read and understood the Agreement. *Id*. at 4-5. He acknowledged he was entitled to a trial by jury and that he was giving up that right by signing the Agreement. *Id*. at 5. He stated that he was satisfied with his attorney's representation of him and had no complaints. *Id*. at 10. He then pled guilty. *Id*. at 11. The court imposed a sentence of 12 months and one day, after noting that Defendant agreed to self-surrender and that, by stipulation of the parties, there would be no presentence report. *Id*. at 15.

4.  When a guilty plea is being challenged on collateral review alleging, as here, ineffective assistance of counsel, the defendant must show the "ineffective assistance tainted the voluntariness of the plea or the waiver agreement itself." *United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001). The court determines whether the defendant can "establish that the waiver was not knowingly or voluntarily made and/or [ ] demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver." *Id*. at 1185 (citing *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000)).

5.  Defendant has failed to meet the foregoing standards. His sworn testimony at the Plea Hearing is at odds with the allegations he makes now:

>   the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

6.  Having reviewed the parties' submissions, the Plea Hearing Transcript, and the relevant case law, the Court finds that Defendant has failed to show that his plea was not knowing or involuntary, *see Cockerham*, nor has Defendant overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside or Correct Judgment be denied and this case dismissed with prejudice.

_____
Richard L. Puglisi
United States Magistrate Judge